UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X
SAREGAMA INDIA LTD.,

               Plaintiff,

     -against-

JAYCEON TAYLOR p/k/a THE GAME, TIMOTHY
MOSLEY p/k/a TIMBALAND, NATE HILLS,
AFTERMATH ENTERTAINMENT, G UNIT RECORDS,
INTERSCOPE RECORDS, CZAR ENTERTAINMENT,
UNIVERSAL MUSIC GROUP, UNIVERSAL MUSIC
AND VIDEO DISTRIBUTION, INC., BLACK WALL
STREET, EACH 1 TEACH 1, VIRGINIA BEACH
MUSIC, WB MUSIC CORP. and DANJA HANDZ
MUZICK,

               Defendants.
- - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands
Trial by Jury

07 CIV 7601

JUDGE MARRERO

RECEIVED
AUG 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, SAREGAMA INDIA LTD., by and through its

attorneys, Richman & Levine, P.C., as and for its complaint

against Defendants, JAYCEON TAYLOR p/k/a THE GAME, TIMOTHY MOSLEY

p/k/a TIMBALAND, NATE HILLS, AFTERMATH ENTERTAINMENT, G UNIT

RECORDS, INTERSCOPE RECORDS, CZAR ENTERTAINMENT, UNIVERSAL MUSIC

GROUP, UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., BLACK WALL

STREET, EACH 1 TEACH 1, VIRGINIA BEACH MUSIC, WB MUSIC CORP. and

DANJA HANDZ MUZICK, respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement arising

under the Copyright Laws of the United States, Title 17 U.S.C. §

101 *et seq.*, and for common law copyright infringement and unfair

competition under New York State law.

## JURISDICTION

2.  This Court has jurisdiction over the subject matter of this action pursuant to Title 28 U.S.C. §§ 1331, 1338, and 1367, and over the State law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) and under the principles of pendent jurisdiction.

## VENUE

3.  Venue is proper in this District pursuant to Title 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims alleged herein occurred in this District, and the Defendants conduct substantial business in this District.

## THE PARTIES

4.  At all the times relevant herein, Plaintiff SAREGAMA INDIA LTD. was and still is a corporation organized and existing under the laws of India, with its principal place of business in Kolkata, India.  Plaintiff SAREGAMA INDIA LTD. is entitled to the full protection of the Laws of the United States for all claims asserted herein.

5.  Plaintiff SAREGAMA INDIA LTD. is an entertainment company, in the business of, *inter alia*, creating, recording, publishing, manufacturing, marketing, distributing, promoting and selling music and its music catalogue.

2

6. Upon information and belief, at all the times relevant herein, Defendant JAYCEON TAYLOR p/k/a THE GAME was and still is an internationally renowned musical recording artist residing in the State of California.

7. Upon information and belief, at all the times relevant herein, Defendant TIMOTHY MOSLEY p/k/a TIMBALAND was and still is an internationally renowned musical recording artist, producer and/or composer residing in the State of California.

8. Upon information and belief, at all the times relevant herein, Defendant NATE HILLS was and still is an individual residing in the State of California.

9. Upon information and belief, at all the times relevant herein, Defendant AFTERMATH ENTERTAINMENT was and still is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Monica, California.

10. Upon information and belief, at all the times relevant herein, Defendant G UNIT RECORDS was and still is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Monica, California.

11. Upon information and belief, at all the times relevant herein, Defendant INTERSCOPE RECORDS was and still is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Monica,

3

California.

12.  Upon information and belief, at all the times relevant herein, Defendant CZAR ENTERTAINMENT was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

13.  Upon information and belief, at all the times relevant herein, Defendant UNIVERSAL MUSIC GROUP was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.

14.  Upon information and belief, at all the times relevant herein, Defendant UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC. was and still is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Monica, California.

15.  Upon information and belief, at all the times relevant herein, Defendant BLACK WALL STREET was and still is a corporation organized and existing under the laws of the State of California, with its principal place of business in Studio City, California.

16.  Upon information and belief, at all the times relevant herein, Defendant EACH 1 TEACH 1 was and still is a corporation organized and existing under the laws of the State of California,

4

with its principal place of business in Studio City, California.

17. Upon information and belief, at all the times relevant herein, Defendant VIRGINIA BEACH MUSIC was and still is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

18. Upon information and belief, at all the times relevant herein, Defendant WB MUSIC CORP. was and still is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

19. Upon information and belief, at all the times relevant herein, Defendant DANJA HANDZ MUZICK was and still is a corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.

20. Upon information and belief, Defendants AFTERMATH ENTERTAINMENT, G UNIT RECORDS, INTERSCOPE RECORDS, CZAR ENTERTAINMENT, UNIVERSAL MUSIC GROUP and UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC. are entertainment companies in the business of, *inter alia*, recording, manufacturing, producing, selling, distributing, and/or marketing musical recordings.

21. Upon information and belief, Defendant JAYCEON TAYLOR p/k/a THE GAME created, wrote, co-wrote, produced and/or performed the musical composition and sound recording entitled

5

"Put You On The Game", which appears on the album entitled "The
Documentary".

22.  Upon information and belief, Defendant TIMOTHY MOSLEY
p/k/a TIMBALAND created, wrote, co-wrote and/or produced the
musical composition and sound recording entitled "Put You On The
Game", which appears on the album entitled "The Documentary".

23.  Upon information and belief, Defendant NATE HILLS
created, wrote, co-wrote and/or produced the musical composition
and sound recording entitled "Put You On The Game", which appears
on the album entitled "The Documentary".

24.  Upon information and belief, Defendant AFTERMATH
ENTERTAINMENT released, manufactured and/or distributed the album
entitled "The Documentary" by Defendant JAYCEON TAYLOR p/k/a THE
GAME.

25.  Upon information and belief, Defendant G UNIT RECORDS
released, manufactured and/or distributed the album entitled "The
Documentary" by Defendant JAYCEON TAYLOR p/k/a THE GAME.

26.  Upon information and belief, Defendant INTERSCOPE
RECORDS released, manufactured and/or distributed the album
entitled "The Documentary" by Defendant JAYCEON TAYLOR p/k/a THE
GAME.

27.  Upon information and belief, Defendant CZAR
ENTERTAINMENT released, manufactured and/or distributed the album
entitled "The Documentary" by Defendant JAYCEON TAYLOR p/k/a THE

GAME.

28.   Upon information and belief, Defendant UNIVERSAL MUSIC GROUP released, manufactured and/or distributed the album entitled "The Documentary" by Defendant JAYCEON TAYLOR p/k/a THE GAME.

29.   Upon information and belief, Defendant UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC. released, manufactured and/or distributed the album entitled "The Documentary" by Defendant JAYCEON TAYLOR p/k/a THE GAME.

30.   Upon information and belief, Defendant BLACK WALL STREET is a music publishing company that owns and/or administers a share of the musical composition copyright in "Put You On The Game".

31.   Upon information and belief, Defendant EACH 1 TEACH 1 is a music publishing company that owns and/or administers a share of the musical composition copyright in "Put You On The Game".

32.   Upon information and belief, Defendant VIRGINIA BEACH MUSIC is a music publishing company that owns and/or administers a share of the musical composition copyright in "Put You On The Game".

33.   Upon information and belief, Defendant WB MUSIC CORP. is a music publishing company that owns and/or administers a share of the musical composition copyright in "Put You On The

7

Game".

34.   Upon information and belief, Defendant DANJA HANDZ
MUZICK is a music publishing company that owns and/or administers
a share of the musical composition copyright in "Put You On The
Game".

## BACKGROUND FACTS

### The "Baghon Mein Bahar Hai" Copyrights

35.   In or before 1969, Anand Bakshi and Sachin Dev Burman
wrote, co-wrote and/or composed the musical composition entitled
"Baghon Mein Bahar Hai" (the "BMBH Musical Composition
Copyright") under a Work Made For Hire Agreement with Shakti
Films.

36.   The BMBH Musical Composition Copyright contains wholly
original material and is copyrightable subject matter under the
laws of the United States.

37.   In or before 1969, Mohammad Rafi and Lata Mangeshkar,
renowned Indian recording artists, recorded the sound recording
of "Baghon Mein Bahar Hai" (the "BMBH Sound Recording Copyright")
under a Work Made For Hire Agreement with Shakti Films.

38.   The BMBH Sound Recording Copyright contains wholly
original material and is copyrightable subject matter under the
laws of the United States.

8

39.   In or about 1969, the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright were first published in India as part of the film and/or album entitled "Aradhana".

40.   Pursuant to various laws, treaties and conventions, the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright are entitled to the full protection of the Copyright Laws of the United States.

41.   On or about April 24, 1967, Plaintiff SAREGAMA INDIA LTD.[1] entered into an agreement with Shakti Films, by which, *inter alia*, Plaintiff SAREGAMA INDIA LTD. acquired from Shakti Films all rights, title and interest in and to all common law and statutory copyrights for the songs of films produced by Shakti Films during the term of said agreement.

42.   Pursuant to the aforesaid agreement, Plaintiff SAREGAMA INDIA LTD. acquired all rights, title and interest in and to all common law and statutory copyrights for the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright.

43.   On March 31, 1995, Plaintiff SAREGAMA INDIA LTD. assigned the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright to GRAMCO MUSIC PUBLISHING LTD., a subsidiary of Plaintiff.

---

[1]At that time, Plaintiff was known as The Gramophone Company India Pvt. Ltd.  On or about October 28, 1968, the name of Plaintiff was changed to The Gramophone Company of India Ltd.  On or about November 3, 2000, the name of the Plaintiff was changed to Saregama India Ltd.

9

44.   On or about July 7, 1999, the Government of India Copyright Office issued a Certificate of Copyright Registration to GRAMCO MUSIC PUBLISHING LTD., bearing registration number R-00872/99 for all songs from the Film "Aradhana", including "Baghon Mein Bahar Hai".

45.   On or about June 12, 2000, The High Court of Calcutta rendered an Order by which, *inter alia*, GRAMCO MUSIC PUBLISHING LTD. was amalgamated with Plaintiff SAREGAMA INDIA LTD.

46.   By the aforesaid Order, all rights, title and interest in and to all common law and statutory copyrights for the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright were transferred to Plaintiff SAREGAMA INDIA LTD.

## The "Put You On The Game" Recording and Infringement of "Baghon Mein Bahar Hai"

47.   Upon information and belief, on or about January 18, 2005, Defendants AFTERMATH ENTERTAINMENT, G UNIT RECORDS, INTERSCOPE RECORDS, CZAR ENTERTAINMENT, UNIVERSAL MUSIC GROUP and/or UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC. released and distributed the album entitled "The Documentary" by Defendant JAYCEON TAYLOR p/k/a THE GAME, which contains the song "Put You On The Game" performed by Defendant JAYCEON TAYLOR p/k/a THE GAME.

48.   Defendants copied certain portions of the BMBH Musical Composition Copyright, and incorporated same into "Put You On The

10

Game".

49.   Defendants copied certain portions of the BMBH Sound Recording Copyright, and incorporated same into "Put You On The Game".

50.   Defendants copied substantial and significant portions of the BMBH Musical Composition Copyright into "Put You On The Game".

51.   Defendants copied substantial and significant portions of the BMBH Sound Recording Copyright into "Put You On The Game".

52.   Defendants' copying of the portions of the BMBH Musical Composition Copyright into "Put You On The Game" amounts to an unlawful appropriation.

53.   Defendants' copying of the portions of the BMBH Sound Recording Copyright into "Put You On The Game" amounts to an unlawful appropriation.

54.   Defendants' copying of the portions of the BMBH Musical Composition Copyright into "Put You On The Game" was willful.

55.   Defendants' copying of the portions of the BMBH Sound Recording Copyright into "Put You On The Game" was willful.

56.   Defendants did not have the authorization or permission from Plaintiff to copy and/or use the portions of the BMBH Musical Composition Copyright that appear in "Put You On The Game".

11

57. Defendants did not have the authorization or permission from Plaintiff to copy and/or use the portions of the BMBH Sound Recording Copyright that appear in "Put You On The Game".

58. Plaintiff notified Defendants of their acts of infringement, but Defendants refused to cease their acts of infringement.

## COUNT I

### (Copyright Infringement - "Baghon Mein Bahar Hai" - Damages)

59. Plaintiff repeats and realleges paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60. Defendants unlawfully and willfully copied substantial and significant portions of the BMBH Musical Composition Copyright and incorporated same into the musical composition of "Put You On The Game".

61. Defendants unlawfully and willfully copied substantial and significant portions of the BMBH Sound Recording Copyright and incorporated same into the sound recording of "Put You On The Game".

62. Defendants' infringing acts include but are not limited to unlawfully creating, recording, manufacturing, producing, selling, marketing and/or distributing the musical composition and sound recording of "Put You On The Game".

12

63.    The music contained in the musical composition and sound recording of "Put You On The Game" is substantially similar to the music in the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright.

64.    Defendants' infringement amounts to an unlawful appropriation of the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright.

65.    As a result of Defendants' copyright infringements, Plaintiffs have suffered damages in an amount not yet determined, but believed to be in excess of $10,000,000.00.

## COUNT II

### (Copyright Infringement - "Baghon Mein Bahar Hai" - Injunctive Relief)

66.    Plaintiff repeats and realleges paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67.    Through their willful and continuing copyright infringements, Defendants have caused, and will continue to cause, irreparable harm to Plaintiff.

68.    In addition to the irreparable harm suffered by the willful copying and unlawful appropriation of the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright, Plaintiff is also being irreparably harmed due to the fact that Defendants' infringing recording of "Put You On The Game" contains explicit lyrics that include but are not limited to

13

profanity, racial slurs, and references to guns, drugs and explicit sexual content.

69.  As a result of Defendants' copyright infringements, Plaintiff has suffered and, unless Defendants are preliminarily and permanently enjoined from all infringing acts (including but not limited to the recall and removal from stores of all infringing materials), will continue to suffer damage to its business, reputation and goodwill, and to the reputation and goodwill of the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright.

70.  Plaintiff has no adequate remedy at law.

## COUNT III

### (Common Law Copyright Infringement - "Baghon Mein Bahar Hai" - Damages)

71.  Plaintiff repeats and realleges paragraphs "1" through "70" of this Complaint as if fully set forth herein.

72.  As a sound recording initially "fixed" prior to February 15, 1972, Plaintiff is also entitled to common law protection of the BMBH Sound Recording Copyright under New York State law.

73.  As a result of Defendants' aforesaid acts of copyright infringement, Plaintiff is entitled to recover damages in an amount not yet determined, but believed to be in excess of $10,000,000.00.

14

## COUNT IV

### (Common Law Copyright Infringement - "Baghon Mein Bahar Hai" - Injunctive Relief)

74.    Plaintiff repeats and realleges paragraphs "1" through "73" of this Complaint as if fully set forth herein.

75.    As a result of Defendants' aforesaid acts of copyright infringement, Plaintiff has suffered and, unless Defendants are preliminarily and permanently enjoined from all infringing acts (including but not limited to the recall and removal from stores of all infringing materials), will continue to suffer damage to its business, reputation and goodwill, and to the reputation and goodwill of the BMBH Sound Recording Copyright.

76.    Plaintiff has no adequate remedy at law.

## COUNT V

### (Unfair Competition - "Baghon Mein Bahar Hai" - Damages)

77.    Plaintiff repeats and realleges paragraphs "1" through "76" of this Complaint as if fully set forth herein.

78.    Defendant has usurped for itself the fruits of Plaintiff's financial and creative investments in the BMBH Sound Recording Copyright.

79.    Defendants have and continue to profit from the results of Plaintiff's financial and creative investments in the BMBH Sound Recording Copyright without incurring any expense or risk

15

in relation to same.

80.   Defendants' acts constitute misappropriation and unfair competition under New York State law.

81.   As a result of Defendants' acts, Plaintiff is entitled to recover damages in an amount not yet determined, but believed to be in excess of $10,000,000.00.


## COUNT VI

### (Unfair Competition - "Baghon Mein Bahar Hai" - Injunctive Relief)

82.   Plaintiff repeats and realleges paragraphs "1" through "81" of this Complaint as if fully set forth herein.

83.   As a result of Defendants' acts, Plaintiff has suffered and, unless Defendants are preliminarily and permanently enjoined from all infringing acts (including but not limited to the recall and removal from stores of all infringing materials), will continue to suffer damage to its business, reputation and goodwill, and to the reputation and goodwill of the BMBH Sound Recording Copyright.

84.   Plaintiff has no adequate remedy at law.


WHEREFORE, Plaintiff prays for this Court to enter judgment for Plaintiff, and against Defendants, as follows:

A.   Declaring that Defendants have infringed the BMBH Musical Composition Copyright and the BMBH Sound Recording

16

Copyright;

B.  Ordering that the Defendants be adjudged to have
committed copyright infringement of the BMBH Musical Composition
Copyright and the BMBH Sound Recording Copyright under Federal
Law;

C.  Ordering that the Defendants be adjudged to have
committed common law copyright infringement of the BMBH Sound
Recording Copyright under New York State law.

D.  Ordering that the Defendants be adjudged to have
committed misappropriation and unfair competition in connection
with the BMBH Sound Recording Copyright under New York State law.

E.  Declaring that all of Defendants' rights in any
infringing musical composition and/or sound recording are null
and void, and declaring Plaintiff to be the owner of all such
rights in said musical composition and/or sound recording;

F.  Preliminarily and permanently enjoining and restraining
Defendants, their officers, agents, representatives, operatives,
distributors, employees, servants, successors, assigns and
attorneys and all those in active concert or participation with
them, from infringing the BMBH Musical Composition Copyright
and/or the BMBH Sound Recording Copyright in any manner,
including but not limited to, manufacturing, creating, producing,
recording, advertising, copying, displaying, marketing,
performing, reproducing, importing, selling, offering for sale,

17

and/or distributing any item(s) which contains unauthorized portions of the BMBH Musical Composition Copyright and/or the BMBH Sound Recording Copyright;

G.    Ordering Defendants to recall, seize and impound any and all copies of materials which contain unauthorized portions of the BMBH Musical Composition Copyright and/or the BMBH Sound Recording Copyright, including but not limited to, all records, audio and video tapes, digital audio tapes, and compact discs.

H.    Ordering Defendants to cancel and declare void any and all contracts, including but not limited to, contracts with artists, producers, distributors, retailers, and wholesalers, that involve materials which contain unauthorized portions of the BMBH Musical Composition Copyright and/or the BMBH Sound Recording Copyright;

I.    Ordering Defendants to disseminate corrective advertising to ameliorate the adverse consequences of their infringing and/or unlawful acts; the content, nature, form and extent of which is to be approved by Plaintiff and this Court;

J.    Ordering an accounting of all gains, profits, savings and advantages realized by Defendants from the aforesaid infringing and/or unlawful acts;

K.    Awarding Plaintiff money damages in an amount to be determined, but no less than the total amount delineated by the above accounting;

18

L.   Awarding Plaintiff statutory damages;

M.   Awarding Plaintiff treble damages for Defendants' willful and unauthorized use of the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright;

N.   Awarding Plaintiff punitive damages for Defendants' willful and unauthorized use of the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright;

O.   Ordering Defendants to serve upon Plaintiff within thirty (30) days after service on Defendants of an injunction, or such extended time as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

P.   Awarding Plaintiff the costs of this action, including reasonable attorneys' fees and interest; and

Q.   Awarding such other, further and different relief as may seem just, proper and equitable to this Court.


Dated:   August 23, 2007
         Garden City, New York


                                    RICHMAN & LEVINE, P.C.

                                    By: Seth A. Levine
                                        Seth A. Levine (SL 4556)
                                        Attorneys for Plaintiff
                                        666 Old Country Road
                                        Suite #101
                                        Garden City, NY 11530
                                        516-228-9444

19

## Demand For Jury Trial

Pursuant to Fed R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all matters triable by jury.

Dated:   August 23, 2007
         Garden City, New York

RICHMAN & LEVINE, P.C.

By: _____
    Seth A. Levine (SL 4556)
    Attorneys for Plaintiff
    666 Old Country Road
    Suite #101
    Garden City, NY 11530
    516-228-9444

20