UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SAREGAMA INDIA LTD.,                                              :

                Plaintiff,                                :

        - against -                                              :   Index No.: 07-CV-7601 (VM)

JAYCEON TAYLOR p/k/a THE GAME, TIMOTHY            :
MOSLEY p/k/a TIMBALAND, NATE HILLS,                      **ANSWER**
AFTERMATH ENTERTAINMENT, G UNIT RECORDS, :
INTERSCOPE RECORDS, CZAR ENTERTAINMENT,
UNIVERSAL MUSIC GROUP, UNIVERSAL MUSIC            :
AND VIDEO DISTRIBUTION, INC., BLACK WALL
STREET, EACH 1 TEACH 1, VIRGINIA BEACH            :
MUSIC, WB MUSIC CORP. and DANJA HANDZ
MUZICK,                                                           :

                Defendants.                               :
------------------------------------------------------------------X

      Defendants WB Music Corp., UMG Recordings, Inc. (incorrectly sued herein as Universal Music Group, Inc.), Universal Music Group Distribution Corp. (incorrectly sued herein as Universal Music and Video Distribution, Inc.), Interscope Records, a division of UMG Recordings, Inc., and Aftermath Records (incorrectly sued herein as Aftermath Entertainment) (collectively, "Defendants"), by and through their attorneys, Jenner & Block LLP, as and for their answer to the complaint dated August 23, 2007 (the "Complaint") of plaintiff Saregama India Ltd. ("Plaintiff"), respond as follows:

      1.    A response is not required from Defendants as to the statement contained in paragraph 1 of the Complaint as it states a legal conclusion.

      2.    A response is not required from Defendants as to the statement contained in paragraph 2 of the Complaint as it states a legal conclusion.

13584.4

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, except admit that Defendants conduct business in this District.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except admit that defendant Jayceon Taylor p/k/a The Game is a musical recording artist.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except admit that defendant Timothy Mosley p/k/a Timbaland is a musical recording artist, producer and composer.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Deny the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint, and specifically aver that Interscope Records is a division of UMG Recordings, Inc.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint, and specifically aver that UMG Recordings, Inc. was incorrectly sued herein as "Universal Music Group", and that UMG Recordings, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Santa Monica, California.

14. Deny the allegations contained in paragraph 14 of the Complaint, and specifically aver that Universal Music Group Distribution Corp. was incorrectly sued herein as Universal Music and Video Distribution, Inc., and that Universal Music Group Distribution Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Universal City, California.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Admit the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admit that Aftermath Records, Interscope Records, a division of UMG Recordings, Inc., UMG Recordings, Inc. and Universal

Music Group Distribution, Corp. are companies in the business of, *inter alia*, recording, manufacturing, producing, selling, distributing and/or marketing sound recordings.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admit that a musical composition and sound recording entitled "Put You On The Game," appears on the album entitled "The Documentary" ("the Album") and refer Plaintiff to the credits listed thereon.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admit that a musical composition and sound recording entitled "Put You On The Game," appears on the Album and refer Plaintiff to the credits listed thereon.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Deny the allegations contained in paragraph 24 of the Complaint, except admit that the Album was released by Aftermath Records, in which Interscope Records, a division of UMG Recordings, Inc., is a joint venture partner.

25.     Deny the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint, except admit that the Album was released by Aftermath Records, in which Interscope Records, a division of UMG Recordings, Inc., is a joint venture partner.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint, except admit that the Album was released by Aftermath Records, in which Interscope Records, a division of UMG Recordings, Inc., is a joint venture partner.

29. Deny the allegations contained in paragraph 29 of the Complaint, except admit that Universal Music Group Distribution Corp. manufactured and/or distributed the Album.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Admit the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and further states that a response is not required from Defendants as to the statement contained in paragraph 36 of the Complaint as it states a legal conclusion.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and further state that a response is not required from Defendants as to the statement contained in paragraph 38 of the Complaint as it states a legal conclusion.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and further state that a response is not required from Defendants as to the statement contained in paragraph 40 of the Complaint as it states a legal conclusion.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. In response to the allegations contained in paragraph 47 of the Complaint, Defendants admit that the Album was released by Aftermath Records, in which Interscope Records, a division of UMG Recordings, Inc., is a joint venture partner, and further admit that Universal Music Group Distribution Corp. distributed the Album.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, except deny that Defendants needed authorization or permission from Plaintiff to release or exploit "Put You On the Game."

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, except deny that Defendants needed authorization or permission from Plaintiff to release or exploit "Put You On the Game."

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. In response to the allegations contained in paragraph 59 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

63. Deny the allegations contained in paragraph 63 of the Complaint.

64. Deny the allegations contained in paragraph 64 of the Complaint.

65. Deny the allegations contained in paragraph 65 of the Complaint.

66. In response to the allegations contained in paragraph 66 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint.

69. Deny the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint.

71. In response to the allegations contained in paragraph 71 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72. A response is not required from Defendants as to the statement contained in paragraph 72 of the Complaint as it states a legal conclusion.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. In response to the allegations contained in paragraph 74 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. Deny the allegations contained in paragraph 75 of the Complaint.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. In response to the allegations contained in paragraph 77 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. Deny the allegations contained in paragraph 78 of the Complaint.

79. Deny the allegations contained in paragraph 79 of the Complaint.

80. Deny the allegations contained in paragraph 80 of the Complaint.

81. Deny the allegations contained in paragraph 81 of the Complaint.

82. In response to the allegations contained in paragraph 82 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

(1) The Complaint fails to state a claim against Defendants upon which any relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

(2)  The Complaint must be dismissed because this Court does not have subject matter jurisdiction over Plaintiff's claims.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

(3)  Plaintiff's claims fail because any alleged use of Plaintiff's allegedly infringed work constitutes *de minimis* or fair use thereof.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

(4)  Plaintiff's claim and prayer for relief is barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

(5)  The Complaint should be dismissed by virtue of Plaintiff's unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

(6)  Any harm alleged to have been suffered by Plaintiff is the result of acts or omissions on the part of persons over whom Defendants have no control.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

(7)  In the event of a finding of infringement, if any, any such infringement by Defendants was innocent.

WHEREFORE, Defendants respectfully request that the Court:

A.  Dismiss Plaintiff's Complaint against Defendants in its entirety with prejudice, and award judgment to Defendants;

B.  Award Defendants their reasonable costs and attorneys' fees incurred in having to defend this action, pursuant to 17 U.S.C. § 505; and

C.  Award Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
      November 30, 2007

JENNER & BLOCK LLP

By: /s/ Andrew H. Bart
Andrew H. Bart
Carletta F. Higginson
919 Third Avenue, 37th Floor
New York, New York 10022
(212) 891-1600

*Attorneys for Defendants WB Music Corp., UMG Recordings, Inc. (incorrectly sued herein as Universal Music Group, Inc.), Universal Music Group Distribution Corp. (incorrectly sued herein as Universal Music and Video Distribution, Inc.), Interscope Records, a division of UMG Recordings, Inc., and Aftermath Records (incorrectly sued herein as Aftermath Entertainment)*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SAREGAMA INDIA LTD.,                                        :
                                                            :
                Plaintiff,                                  :
                                                            :
      - against -                                           :    Index No.: 07-CV-7601 (VM)
                                                            :
JAYCEON TAYLOR p/k/a THE GAME, TIMOTHY                      :
MOSLEY p/k/a TIMBALAND, NATE HILLS,                         :    **AFFIDAVIT OF SERVICE**
AFTERMATH ENTERTAINMENT, G UNIT RECORDS,                    :
INTERSCOPE RECORDS, CZAR ENTERTAINMENT,                     :
UNIVERSAL MUSIC GROUP, UNIVERSAL MUSIC                      :
AND VIDEO DISTRIBUTION, INC., BLACK WALL                    :
STREET, EACH 1 TEACH 1, VIRGINIA BEACH                      :
MUSIC, WB MUSIC CORP. and DANJA HANDZ                       :
MUZICK,                                                     :
                                                            :
                Defendants.                                 :
------------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )
```

Antoinette Brinson, being duly sworn, hereby deposes and says:

1. I am over 18 years of age and am not a party to the above-captioned proceedings. I reside in Bronx, New York, 10462.

2. On November 30, 2007 I caused true and correct copies of *Defendants WB Music Corp., UMG Recordings, Inc. (incorrectly sued herein as Universal Music Group, Inc.), Universal Music Group Distribution Corp. (incorrectly sued herein as Universal Music and Video Distribution, Inc.), Interscope Records, a division of UMG Recordings, Inc. and Aftermath Records (incorrectly sued herein as Aftermath Entertainment) Answer* to be served via FIRST CLASS U.S. MAIL delivery on the following individual(s) and law firm:

13727.1

Seth A. Levine, Esq.
Richman & Levine, P.C.
666 Old Country Road, Suite 101
Garden City, New York  11530
(516) 228-9444
*Attorneys for Plaintiff*

— and —

Karen L. Stetson, Esq.
P.O. Box 403023
Miami Beach, Florida  33140
(305) 532-4845
*Attorney for Defendants, Timothy Mosley p/k/a Timbaland and G Unit Records, Inc. (incorrectly sued herein as G Unit Records)*

— and —

Alan S. Hock, Esq.
Moritt Hock Hamroff & Horowitz LLP
400 Garden City Plaza
Garden City, New York  11530
(516) 873-2000
*Attorney for Defendants, Timothy Mosley p/k/a Timbaland and G Unit Records, Inc. (incorrectly sued herein as G Unit Records)*

_____
Antoinette Brinson

Sworn to before me this
30th day of November 2007

_____
Notary Public

MERRILEE R. MYERS
Notary Public, State of New York
No. 01MY5013331
Qualified in Queens County
Commission Expires July 15, 2011

2

13727.1