UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SAREGAMA INDIA LTD.,

                    Plaintiff,                                    07-CV-7601 (VM)


             - against –


JAYCEON TAYLOR p/k/a THE GAME,
TIMOTHY MOSLEY p/k/a TIMBALAND,
NATE HILLS, AFTERMATH ENTERTAINMENT,
G UNIT RECORDS, INTERSCOPE RECORDS,
CZAR ENTERTAINMENT, UNIVERSAL MUSIC
GROUP, UNIVERSAL MUSIC AND VIDEO
DISTRIBUTION, INC., BLACK WALL STREET,
EACH 1 TEACH 1, VIRGINIA BEACH MUSIC,
WB MUSIC CORP. and DANJA HANDZ MUZICK,

                    Defendants,

----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS TIMOTHY MOSLEY p/k/a TIMBALAND
AND G UNIT RECORDS, INC. (IMPROPERLY SUED
AS G UNIT RECORDS) MOTION TO DISMISS, AND/OR MOTION
TO TRANSFER VENUE AND/OR MOTION TO STRIKE**


                         Respectfully Submitted,

                         Karen Stetson, Esq.
                         The Law Offices of Karen L. Stetson, Esq.
                         Admitted Pro Hac Vice
                         P.O. Box 403023
                         Miami Beach, Florida  33140
                                   - and –

                         Alan S. Hock, Esq. (AH-9743)
                         Moritt Hock Hamroff & Horowitz, LLP
                         400 Garden City Plaza
                         Garden City, New York  11530

# TABLE OF CONTENTS

I.      Preliminary Statement……………………………………………..………………….1

II.     Introduction and Factual Background……………………………..……………..…….1

III.    Motion to Dismiss Counts I and II- Copyright Infringement
        Under the Copyright Act…………………………………………………….......…....3

IV.    Motion to Transfer……………………………………………..……………..…...5

          A.     The locus of operative facts……………………………………..6

          B.     The convenience of witnesses/convenience of the parties and their
                 relative means/the availability of process to compel the attendance
                 of unwilling witnesses……………………………………………8

          C.     Plaintiff's choice of forum…………………………………….....11

          D.     Interests of justice and trial efficiency…………………………...11

          E.     The location of documents…………………………………………12

          F.     The forum's familiarity with the governing law…………………………12

V.     Motion to Strike……………………………………………..…...13

          A.     Attorneys' Fees……………………………………………….....13

          B.     Statutory Damages……………………………………………14

          C.     Punitive Damages……………………………………………15

          D.     Miscellaneous Relief…………………………………………15

       Conclusion……………………………………………………………...16

## TABLE OF AUTHORITIES

<u>CASE</u>                                                                                                              <u>PAGE</u>

*A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment*,
392 F. Supp. 2d 297 (D. Conn. 2005)……………………………………………………6

*Aerotel, Ltd. v. Sprint Corp.*,
100 F. Supp. 2d 18 (S.D.N.Y. 2000)……………………………..………………………..12

*Alyeska Pipeline Service Co. v. Wilderness Society*,
421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)…………………………………...…14

*Azari v. B&H Photo Video*,
Slip Copy, 2007 WL 13101 (S.D.N.Y. 2007)………………………………………    10

*Bionx Implants, Inc. v. Biomet, Inc.*,
No. 99 Civ. 740, 1999 WL 342306, at *3 (S.D.N.Y.1999) …………………………..…9, 10

*Capitol Records, Inc. v. Naxos of America, Inc.*,
372 F.3d 471 (2d Cir. 2004)…………………………………………………………………4

*Cento Group, S.p.A. v. OroAmerica, Inc.*,
822 F. Supp. 1058 (S.D.N.Y. 1993)……………………………………………………..10

*Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*
294 F. Supp. 2d 218 (D. Conn. 2003)………………………………………..……6

*Coloplast A/S v. Amoena Corp.*,
No. 92 Civ. 3432 (MBM), 1992 WL 346359, *2 (S.D.N.Y. 1992)………………..…...…7

*Dahl v. HEM Pharmaceuticals Corp.*,
867 F. Supp. 194 (S.D.N.Y. 1994)…………………………………………………………..5

*Davis v. Gap, Inc.*,
246 F.3d 152 (2d Cir. 2001)……………………………………………………………...15

*Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*,
178 F. Supp. 2d 459 (S.D.N.Y. 2002)…………..……………………………………10

*Excelsior College v. Frye*,
306 F. Supp.2 d 226 (N.D.N.Y. 2004)…………….… …………………………...……6

*Ez-Tixz, Inc. v. Hit-Tix, Inc.*,
919 F. Supp. 728 (S.D.N.Y. 1996)……………………………………………..13, 14

*Invivo Research, Inc. v. Magnetic Resonance Equip*.
119 F.Supp.2d 433 (S.D.N.Y. 2000)……………………………….…………7, 11

*Iragorri v. United Technologies Corp.*,
274 F.3d 65 (2d Cir. 2001)…………….……………………………………11

*Kamakazi Music Corp. v. Robbins Music Corp.*,
534 F. Supp. 69 (S.D.N.Y. 1982)…………………………………………..………15

*Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*
71 F.3d 996 (2d Cir. 1995) …………………..……………………………………13, 14

*Marshall Gobuty Int'l USA, Inc. v. Nike, Inc.*,
No. 04 Civ. 6975 (SAS), 2004 WL 2578912, at *2 (S.D.N.Y. 2004)……………..……10

*MBCP Peerlogic LLC v. Critical Path, Inc.*
No. 02 Civ. 3310 (SWK), 2002 WL 31729626, *3 (S.D.N.Y. 2002)……………………5

*Micromuse, Inc. v. Aprisma Management Technologies, Inc.*,
No. 05 Civ. 894 (SAS), 2005 WL 1241924, *2 (S.D.N.Y. 2005)………………...…..11

*Nash v. Alaska Airlines* ,
94 F. Supp 2d 428 (D.C.N.Y. 1950)……………..……………………………………16

*National Patent Development Corp. v. American Hosp. Supply Corp.*,
616 F. Supp. 114 (D.C.N.Y. 1984)……………………………………...……………12

*Neil Bros. Ltd. v. World Wide Lines, Inc*.
425 F. Supp. 2d 325 (E.D.N.Y.2006)…………………………………………..8, 10, 12

*Noble v. Town Sports International, Inc*.,
1998 WL 43127 at *1 (S.D.N.Y. 1998)…………………………………………………..4

*Olympia Group v. Cooper Indus.*,
No. 00 Civ. 7367, No.2001 WL 506219, at *2 (S.D.N.Y. 2001)………………….…10

*Pergo, Inc. v. Alloc., Inc.*,
262 F. Supp. 2d 122 (S.D.N.Y.2003)………………..………..………………….....7

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981)……………………….……………………………………..11

*Saregama India Ltd. v. Young*
Case No. H-02-3461 (S.D. Tex. 2002)……………………………………....6, 7, 10

*Schonberger v. Serchuk*,
742 F. Supp. 108 (S.D.N.Y.1990)……………………………………………………14

*Sharma v. Skaarup Ship Management Corp.*,
699 F. Supp. 440 (S.D.N.Y. 1988)……………………………………………………14

*Simon & Flynn, Inc.*,
513 F. 2d 832 (2d Cir. 1975)………………………………………………….…...16

*Simpson v. Dep't of Civil Serv.*,
No. 03 Civ. 9433(LAP), 2004 WL 2222163, at *3 (S.D.N.Y. 2004)……………………10

*Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*,
774 F. Supp. 858 (S.D.N.Y. 1991)…………………………………………….....5, 6

*Walker v. Jon Renau Collection, Inc.*,
423 F. Supp. 2d 115 (S.D.N.Y. 2005)…………...…...………………….…...5, 7, 8, 12

## STATUTES

17 U.S.C. § 194 A(h)(6)(C)(ii)…………………………………………….….….....4

17 U.S.C. § 411(a)…………………………………………………………………..4

17 U.S.C. § 412……………………………………………………………....13, 14

17 U.S.C. § 501……………………………………………………………....13, 16

17 U.S.C. § 502…………………………………………………………….......16

17 U.S.C. § 503…………………………………………………………….......16

17 U.S.C. § 504……………………………………………………………15, 16

28 U.S.C. § 1391(a), (c)…………………………………………………….…..4

28 U.S.C. § 1404………………………………………………………….......1, 5, 16

Fed. R. Civ P. §12(b)(1)…………………………………………………………16

## TREATISE

2-7 Nimmer on Copyrights 7.16………………………………………….…..4, 13, 14, 15

## I.       Preliminary Statement

Defendants, Timothy Mosley p/k/a Timbaland ("Timbaland") and G-Unit

Records, Inc. ("G-Unit") (improperly sued as G Unit Records) (collectively

"Defendants"), by and through undersigned counsel, hereby move the Court for entry of

an order:

 (1) dismissing Counts I and II of Plaintiff's Complaint insofar as they relate to

Plaintiff's sound recording pursuant to Fed.R.Civ.P. 12(b)(1) for lack of federal subject

matter jurisdiction; and/or

 (2) transferring this action to the United States District Court for the Southern

District of Florida pursuant to 28 U.S.C. §1404; and/or

 (3) striking ¶¶ E, H, I, L, M, N and P of Plaintiff's prayer for relief with

respect to certain of Plaintiff's claims as detailed below; and

 (4) granting such other and further relief as this Court deems just and proper.

In support thereof, Defendants state as follows:

## II.      Introduction and Factual Background

This is an action for copyright infringement and unfair competition filed by

Plaintiff, an Indian corporation, against Defendants arising from the musical composition

and sound recording entitled "Put You on the Game" which appears on the album entitled

"The Documentary" as performed by Defendant Jayceon Taylor, p/k/a The Game ("The

Game").  Counts I and II are claims for copyright infringement  purportedly pursuant to

the Copyright Act, 17 U.S.C. § 101 *et seq*.  Counts I alleges infringement of Plaintiff's

musical composition and sound recording.  Count II, though stated as a separate "claim,"

seeks injunctive relief for the infringement of Plaintiff's sound recording and musical

1

composition alleged in Count I.  Counts III through VI are state law claims for common law copyright infringement and common law unfair competition, all of which are based on Plaintiff's sound recording.

Plaintiff, Saregama India Ltd., is a corporation organized and existing under the laws of India.  Complaint at ¶ 4.  Plaintiff is "an entertainment company, in the business of *inter alia,* creating, recording, publishing, manufacturing, marketing, distributing, promotion and selling music and its music catalogue."  Complaint at ¶ 5.  Plaintiff claims to be the owner of the musical composition and sound recording entitled "Baghon Mein Bahar Hai."  Complaint at ¶¶ 41-46.  Plaintiff claims that Defendants copied certain portions of its musical composition and/or sound recording entitled "Baghon Mein Bahar Hai" and incorporated same into "Put You on the Game."  Complaint at ¶¶ 48-49.  Plaintiff alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 1367.  Complaint at ¶ 2.

This Court lacks subject matter jurisdiction as to Counts I and II insofar as they attempt to allege a claim for the infringement of Plaintiff's sound recording because Plaintiff has failed to allege – and does not have – a U.S. copyright registration for the sound recording "Baghon Mein Bahar Hai."  Therefore, the Court should dismiss Counts I and II of Plaintiff's Complaint as to Plaintiff's sound recording.

As to the claims in Counts I and II under the Copyright Act based on Plaintiff's musical composition, Plaintiff has sought inappropriate remedies under the Copyright Act, including a request for:  (1) punitive damages; (2) treble damages;  (3) a declaration that all of Defendants' rights in any infringing musical composition and/or sound recording are null and void; (4) a declaration that Plaintiff is the owner of all such rights in Defendants'

musical composition and/or sound recording; (5) mandatory corrective advertising; and (6) ordering cancellation of third party contracts.

Moreover, Plaintiff brought this action in the Southern District of New York, although there is virtually no connection to this District. Plaintiff does not allege that it has any offices or agents in this District. Plaintiff does not allege that the purported infringement occurred in this District. Plaintiff does not allege that any events giving rise to this action occurred in New York. Rather, the acts giving rise to the alleged infringement − the creation, production and/or engineering of "Put You On The Game" − all occurred in Miami, Florida. The minimal relationship between this action and this District is the location of Plaintiff's litigation counsel and two Defendants with no involvement in the creative process of "Put You On The Game" or in its sale, manufacture or distribution. This action should, therefore, be transferred to the United States District Court for the Southern District of Florida.

In addition, Plaintiff has further requested statutory damages and attorney's fees which are available under the Copyright Act, only where the copyright owner has registered the work at issue prior to the alleged infringement. No such registration is pled here. All of these requests for relief should therefore be stricken as to Counts I and II. Further, many of these remedies are not available under state law and should be stricken as to Counts III through IV as discussed more fully below.

### III.    Motion to Dismiss Counts I and II- Copyright Infringement Under the Copyright Act as to Plaintiff's Sound Recording

Counts I and II of Plaintiff's Complaint are brought under the Copyright Act and allege copyright infringement of the musical composition and sound recording "Baghon

Mein Bahar Hai." Plaintiff has not and cannot allege the existence of a U.S. Copyright registration.

Under the Copyright Act, "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "The registration requirement is a jurisdictional prerequisite to an infringement suit." *Noble v. Town Sports International, Inc.*, 1998 WL 43127 at *1 (S.D.N.Y. 1998) (citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 & n. 4 (11th Cir. 1990)). An exception exists for authors of foreign works where the work is created in a country that is a signatory to Berne Convention. 2-7 Nimmer on Copyright § 7.16[B](1)(b). Though Plaintiff's Complaint is less than clear regarding the place of creation or domicile of author(s) of the work, assuming applicability of the Berne Convention, the Berne Convention provides no protection for sound recordings. *Capitol Records Inc. v. Naxos of America, Inc.*, 372 F.3d 471 (2d Cir. 2004). Therefore, a U.S. registration is a jurisdictional prerequisite to Plaintiff's claims as to its sound recording. Plaintiff cannot obtain a U.S. Copyright registration for a sound recording created in 1969. Sound recordings "fixed before February 15, 1972" are not protected from infringement under federal copyright law. 17 U.S.C. § 194 A(h)(6)(C)(ii); *Capitol Records*, 372 F.3d at 471. Plaintiff has not and cannot allege that it has a U.S. Copyright registration for the sound recording "Baghon Mein Bahar Hai." Therefore, the Court should dismiss Counts I and II insofar as they relate to Plaintiff's sound recording for lack of subject matter jurisdiction.

IV.    **Motion to Transfer**

This action should be transferred in its entirety to the Southern District of Florida. "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. §1404.

In determining whether to grant a motion for change of venue, the district court must first determine if the plaintiff could have commenced the case in the proposed transferee forum.  *See Dahl v. HEM Pharmaceuticals Corp*., 867 F. Supp. 194, 195 (S.D.N.Y. 1994); *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc*., 774 F. Supp. 858, 868 (S.D.N.Y. 1991); 28 U.S.C. § 1391(a), (c).  This action initially could have been brought in Florida.  For the reasons discussed below, not only could this case have been brought in the Southern District of Florida, it is the forum with the most connection to the substance of the allegations.

This Court considers the following factors in determining whether to transfer an action based on forum non conveniens:  (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.  *Walker v. Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 117 (S.D.N.Y. 2005); *MBCP Peerlogic LLC v. Critical Path, Inc*., No. 02 Civ. 3310 (SWK),

2002 WL 31729626, *3 (S.D.N.Y. 2002); *Viacom Intern., Inc. v. Melvin Simon Productions, Inc.*, 774 F. Supp. 858, 867-68 (S.D.N.Y. 1991).

      A.    <u>The locus of operative facts</u>

     Plaintiff's claims involve the alleged infringement of Plaintiff's musical composition and/or sound recording entitled "Baghon Mein Bahar Hai" ("BMBH"). Plaintiff alleges that "Defendants copied certain portions of the BMBH Musical Composition Copyright, and incorporated same into "Put You On The Game" and copied certain portions of the BMBH Sound Recording, and incorporated same into "Put You On The Game." Complaint at ¶¶ 49 and 50. Plaintiff has not alleged that these activities – or any activities – occurred in this District. Instead of alleging any facts, the most that Plaintiff alleges, in conclusory fashion, is "a substantial part of the events giving rise to the claims herein occurred in this District." Complaint at ¶3.

     Indeed, the entire creative process occurred in Miami, Florida, where "Put You On The Game" was written, recorded, mixed and produced. *See Excelsior College v. Frye*, 306 F. Supp. 2d 226 (N.D.N.Y. 2004) (locus of operative facts in California where the alleged infringing content guide was submitted to California higher education authorities and where allegedly infringing web site was maintained); *see Saregama India Ltd. v. Young*, Case No. H-02-3461 (S.D. Tex. 2002) (case transferred to California where alleged infringing work was created, produced, mixed and released).

     "To determine the locus of operative facts, a court must look to the site of the events from which the claim arises." *Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*, 294 F. Supp. 2d 218, 220 (D. Conn. 2003); *A Slice of Pie Productions, LLC v. Wayans Bros. Entertainment*, 392 F. Supp. 2d 297 (D. Conn. 2005) (locus of operative facts

favored transfer of copyright infringement suit over screenplay from Connecticut to California where allegedly infringing screenplay was written in California and the allegedly infringing film was produced and made in California); *see also Invivo Research, Inc. v. Magnetic Resonance Equip.*, 119 F. Supp. 2d 433, 439 (S.D.N.Y. 2000) (locus of operative facts in patent infringement cases usually lies where the allegedly infringing product was designed, developed, and produced); *Walker v. The Jon Renau Collection, Inc.*, 2005 WL 3147864, at *3 (S.D.N.Y. 2005) (same).

Indeed, Plaintiff has not alleged that any of the allegedly infringing events occurred in this District. Instead, Plaintiff makes a general allegation that "Defendants' infringing acts include but are not limited to unlawfully creating, recording, manufacturing, producing, selling, marketing and/or distributing the musical composition and sound recording of "Put You On The Game." Complaint at ¶ 62. However, the mere selling, marketing and/or distributing of the musical composition in this District do not establish a sufficient connection to this District. Where the nexus of the allegedly infringing activity is in the transferee district, it is insufficient to find a connection to New York based solely on sales of the product that took place there. *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 129-30 (S.D.N.Y.2003); *see also Coloplast A/S v. Amoena Corp.*, No. 92 Civ. 3432 (MBM), 1992 WL 346359, *2 (S.D.N.Y. 1992) ("[S]ales alone are not enough to establish a material connection to the forum if, as is true here, defendant's goods are sold in many states"); *see Saregama India Ltd. v. Young*, Case No. H-02-3461 (S.D. Tex. 2002) ("it makes little sense to confer venue on a district in a copyright case merely because the allegedly infringing work was distributed or performed there among many other locations").

B.    The convenience of witnesses/convenience of the parties and their relative means/ the availability of process to compel the attendance of unwilling witnesses

Courts routinely transfer cases where the principal events occurred, and the principal witnesses are located in another district." *Walker v. Jon Renau Collection, Inc.,* 423 F. Supp.2d 115, 117 (S.D.N.Y. 2005) (citing *Viacom Int'l v. Melvin Simon Prod. Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991)).  Courts generally view the convenience of witnesses as the single most important factor in the balance.  *Walker,* 423 F. Supp. 2d at 117.  In considering the convenience of the witnesses, the Court should "not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum.  Instead, the Court must qualitatively evaluate the materiality of the testimony that the witnesses may provide."  *Neil Bros. Ltd. v. World Wide Lines, Inc*., 425 F. Supp. 2d 325 (E.D.N.Y. 2006) (citing *Herbert Ltd. P'ship v. Elec. Arts Inc*., 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004)).

Most of the principal witnesses in this case are located in Miami, Florida.  Timbaland, who created, wrote, produced and mixed "Put You On The Game" has his primary residence in Miami, Florida.  See Declaration of T. Mosley at ¶3;   Non-party, The Hit Factory, the recording studio where "Put You On The Game" was recorded, is located in Miami, Florida.  See Declaration of T. Mosley at ¶5.  Non-party Demacio Castellon, the recording engineer for "Put You On The Game," maintains a residence in Miami, Florida.  Non-party Marcella Aracia, the assistant recording engineer for "Put You On The Game," resides in Florida.  See Declaration of T. Mosley at ¶5.  Additionally, non-party Jimmy Douglas, who assisted in mixing "Put You On The Game" resides in Miami, Florida.  See Declaration of T. Mosley at ¶5.   These witnesses

8

were present at The Hit Factory during the writing, recording and/or mixing of "Put You On The Game."  Thus, trial in Miami, Florida would facilitate live testimony from the most relevant witnesses who are outside the subpoena power of this Court to compel attendance at trial.

The only Defendants who reside in New York are Czar Entertainment and G-Unit Records, Inc.[1]  Neither of these Defendants have knowledge of the facts surrounding the alleged infringement and have a minimal connection to the track at issue.  Specifically, neither G-Unit Records, Inc. nor Czar Entertainment, Inc. had any involvement in any of the creative aspects of "Put You On The Game" or in its sale, manufacture or distribution.  See Declaration of Tim Mosley at ¶6.  Plaintiff has mistakenly alleged that Universal Music Group is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, New York.  Complaint at ¶13.  There is no entity known as Universal Music Group.  There is an entity known as Universal Music Group, Inc., but as can be seen from the attached, it is a Delaware corporation with its principal place of business in California. (Delaware Department of State) See Exhibit A to the accompanying Affidavit of Karen L. Stetson.  In fact, this factor favors California, not New York, as the allegations of Plaintiff's Complaint, if accepted, indicate that a majority of the parties reside in California.

Plaintiff will have to travel from India to the United States regardless of the chosen forum.  It is no less convenient for Plaintiff to travel to Florida than New York.  *See Bionx Implants, Inc. v. Biomet, Inc.*, No. 99 Civ. 740, 1999 WL 342306, at *3

---

[1] Plaintiff has mistakenly alleged that G-Unit Records, Inc. (misidentified as G Unit Records) is a corporation organized and existing under the laws of the State of California, with its principal place of business in Santa Monica, California.  Complaint at ¶10.  G-Unit Records, Inc. is a New York corporation with its principal place of business in New York, New York.  Additionally, Demacio Castellon maintains residences in both New York and in Miami, spending significantly more time in Miami than in New York.

(S.D.N.Y. 1999) (holding that witnesses traveling from Finland were no more inconvenienced by having to travel to Indiana than they would be traveling to New York); *accord Cento Group, S.p.A. v. OroAmerica, Inc.*, 822 F.Supp. 1058, 1061-62 (S.D.N.Y. 1993) (European plaintiff was no more inconvenienced by litigating in California than in New York); *Neil Bros. Ltd. v. World Wide Lines, Inc*., 425 F. Supp. 2d 325 (E.D.N.Y. 2006); *Bionx Implants, Inc. v. Biomet, Inc*., No. 99 Civ. 740, 1999 WL 342306, at *3 (S.D.N.Y. 1999) (finding no additional inconvenience from having foreign witnesses take additional flights within the United States from New York to transferee district); *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C*., 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002) (same).

It appears that Plaintiff's only connection to New York is that its counsel is located in the Eastern District of New York (and not even located in this District). However, the location of counsel is not a consideration in a motion to transfer venue. *See, e.g., Olympia Group v. Cooper Indus*., No. 00 Civ. 7367, No.2001 WL 506219, at *2 (S.D.N.Y. 2001) (finding convenience to party's lawyers not relevant consideration for § 1404(a) analysis); *Azari v. B&H Photo Video,* Slip Copy, 2007 WL 13101 (S.D.N.Y. 2007*); Marshall Gobuty Int'l USA, Inc. v. Nike, Inc*., No. 04 Civ. 6975(SAS), 2004 WL 2578912, at *2 (S.D.N.Y. 2004); *Simpson v. Dep't of Civil Serv.*, No. 03 Civ. 9433 (LAP), 2004 WL 2222163, at *3 (S.D.N.Y. 2004).   This is at least the second time this Plaintiff has chosen a forum with little or no connection to the witnesses or subject matter of the case, other than Plaintiff's choice of counsel. *See Saregama India Ltd. v. Youn*g, Case No. H-02-3461 (S.D. Tex. 2002).

C.     Plaintiff's choice of forum

A plaintiff is typically entitled to deference in its choice of forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255-256 (1981). However, when the plaintiff's choice is <u>not its home forum</u>, the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is in such cases "less reasonable." *Piper,* 454 U.S. at 255-256. While a plaintiff's choice of forum is entitled to some amount of deference, "<u>a foreign resident's choice of a U.S. forum should receive less consideration</u>" than a plaintiff suing in his or her home forum. *Iragorri v. United Technologies Corp*., 274 F.3d 65, 71 (2d Cir. 2001) (emphasis added); *see also Micromuse, Inc. v. Aprisma Management Technologies, Inc*., No. 05 Civ. 894 (SAS), 2005 WL 1241924, *2 (S.D.N.Y. 2005) ("[W]hen the plaintiff is a nonresident and the operative facts bear little connection to the chosen forum, plaintiff's choice is shown less deference") (citing *Invivo Research Inc. v. Magnetic Resonance Equip. Corp*., 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2000)).

Plaintiff is an Indian company with its principal place of business in Kolkata, India (Complaint at ¶ 4) and, therefore, its choice of forum is shown less deference. Plaintiff's musical composition and sound recording were published in India in or about 1969. Complaint at ¶ 39. Plaintiff's claims have little or no connection to New York.

D.     Interests of justice and trial efficiency

The interests of justice and trial efficiency weigh in favor of transfer to the United States District Court for the Southern District of Florida. This is a copyright infringement lawsuit brought by a foreign plaintiff with no relationship to New York other than a portion of sales of an album. This case is still in its beginning stages. Not all

11

Defendants have been served as yet.  The Complaint was filed approximately three months ago, and no other Defendants have filed a response.  Additionally, since this case is in a very early stage, transfer to the Southern District of Florida would not cause undue delay.   "[T]here has not yet been a significant investment by the Southern District of New York in this case in terms of either time or work." *See Walker,* 423 F. Supp. 2d at 117 (citing *Invivo Research, Inc.*, 119 F. Supp. 2d at 439).

      E.      The location of documents

The location of documents, "is neutral '[i]n today's era of photocopying, fax machines and Federal Express.'" *Aerotel, Ltd.*, 100 F.Supp.2d at 197 (quoting *Coker v. Bank of America*, 984 F. Supp. 757, 766 (S.D.N.Y.1997)).

      F.      The forum's familiarity with the governing law

"Although a court's familiarity with the governing law is one factor to be considered on a motion to change venue that factor is by no means controlling and is entitled to little weight in cases where, as here, the governing law presents no complex legal questions and has not been shown to be unclear, unsettled, or difficult." *National Patent Development Corp. v. American Hosp. Supply Corp.*, 616 F. Supp. 114 (D.C.N.Y. 1984); *Neil Bros. Ltd. v. World Wide Lines, Inc.,* 425 F. Supp. 2d 325 (E.D.N.Y. 2006) (citing *Prudential Sec. Inc. v. Norcom Dev., Inc.*, No. 97 Civ. 6308, 1998 WL 397889, at *6 (S.D.N.Y. 1998) ("[T]he 'governing law' factor is to be accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the law of other states.").  Here, this factor should be neutral because the law to be applied is federal copyright law and common law unfair competition and copyright infringement under state law.

V.    **Motion to Strike**

Additionally, Plaintiff's Complaint contains a single prayer for relief (Wherefore Clause) and thus it is unclear as to which claim(s) each remedy is sought.  Many of the remedies that Plaintiff seeks are not remedies available under the Copyright Act and/or New York common law.  The Court should strike the following remedies sought in Plaintiff's prayer for relief:

A.    Attorneys' Fees

Plaintiff has sought an award of attorney's fees.  See Wherefore Clause, ¶ P. Although there is a discretionary attorney's fee provision under the Copyright Act for a prevailing party (see 17 U.S.C. § 501), attorney's fees are only available where the copyright owner has registered its work prior to the alleged infringement. 17 U.S.C. § 412; *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.*), 71 F.3d 99, 1012 (2d Cir. 1995) (denying attorney's fees and statutory damages for work in connection with copyright infringement claim where the registration occurred after infringing activities); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728 (S.D.N.Y. 1996) (plaintiff's request for statutory damages and attorney's fees stricken because alleged acts of infringement occurred prior to registration of the copyright).  This benefit from registration applies both to works of U.S. origin and to foreign works.  2-7 Nimmer on Copyrights 7.16. "[F]oreign authors must also register in order to obtain the important benefits of the presumption of validity and statutory damages."  2-7 Nimmer on Copyrights 7.16 (citing House Joint Explanatory Statement on House-Senate Compromise Incorporated In Senate Amendment to H.R. 4262, contained in 134 Cong. Rec. H10097 (daily ed. Oct. 12, 1988)).

As discussed above, Plaintiff has not alleged the existence of any U.S. registration. Plaintiff's claims for attorney's fees should, therefore, be stricken as to Counts I and II under the Copyright Act.  Moreover, there is no such entitlement to attorney's fees under Plaintiff's state law claims.  "Under the American Rule, the prevailing litigant may not recover attorneys' fees from the opposing party absent a statutory or contractual basis for an award of attorneys' fees." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *Schonberger v. Serchuk,* 742 F. Supp. 108 (S.D.N.Y.1990) (dismissing plaintiff's demand for an award of attorneys' fees because plaintiff failed to allege a statutory or contractual basis therefor); *Sharma v. Skaarup Ship Management Corp.*, 699 F. Supp. 440, 450 (S.D.N.Y. 1988) (plaintiffs' prayer for attorneys' fees stricken because no statute or contractual agreement was relied on).

B.     <u>Statutory Damages</u>

Plaintiff is seeking an award of statutory damages.  See Wherefore Clause, ¶ L. As with attorney's fees, statutory damages are recoverable under the Copyright Act, but only where the copyrighted work is registered prior to infringement. 17 U.S.C. § 412; *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.*), 71 F.3d 99, 1012 (2d Cir. 1995) (denying attorney's fees and statutory damages for work in connection with copyright infringement claim where the registration occurred after infringing activities); *Ez-Tixz, Inc. v. Hit-Tix, Inc*., 919 F. Supp. 728 (S.D.N.Y. 1996) (plaintiff's request for statutory damages and attorney's fees stricken because alleged acts of infringement occurred prior to registration of the copyright).  This benefit from registration applies both to works of U.S. origin and to foreign works. 2-7 Nimmer on Copyrights 7.16. "[F]oreign authors must also register in order to obtain the important benefits of the presumption of validity and statutory damages." 2-7 Nimmer on

14

Copyrights 7.16 (citing House Joint Explanatory Statement on House-Senate Compromise Incorporated In Senate Amendment to H.R. 4262, contained in 134 Cong. Rec. H10097 (daily ed. Oct. 12, 1988)). Plaintiff has not alleged the existence of any registration. Moreover, there are no such damages under New York common law with respect to Counts III through VI.

C.    Punitive damages

Plaintiff seeks punitive damages for "Defendants willful and unauthorized use of the BMBH Musical Composition Copyright and the BMBH Sound Recording Copyright." See ¶ N of Wherefore Clause. Punitive damages are not awardable in a statutory copyright infringement action and must, therefore, be stricken with respect to Counts I and II of Plaintiff's Complaint. *Davis v. Gap, Inc.,* 246 F.3d 152 (2d Cir. 2001) (citing 4 <u>Nimmer</u> <u>§ 14.02</u> B, at 14-23 to 24); *Kamakazi Music Corp. v. Robbins Music Corp*., 534 F. Supp. 69, 78 (S.D.N.Y. 1982); 17 U.S.C. § 504.

D.    Miscellaneous Relief

Furthermore, Plaintiff's Complaint seeks the following remedies (without specifying which claims they apply to) which are not appropriate remedies under any of the causes of action alleged by Plaintiff:

Declaring that all of Defendants' rights in any infringing musical composition and/or sound recording are null and void, and declaring Plaintiff to be the owner of all such rights in said musical composition and/or sound recording (Wherefore Clause, ¶ E);

Ordering Defendants to cancel or declare void any and all contracts, including but not limited to, contracts with artists, producers, distributors, retailers, and wholesalers, that involve materials which contain unauthorized portions of the BMBH musical Composition and/or the BMBH Sound Recording (Wherefore Clause, ¶ H);

Ordering Defendants to disseminate corrective advertising to ameliorate the adverse consequences of their infringing and/or unlawful acts; the content, nature form and extent of which is to be approved by Plaintiff and this Court (Wherefore Clause, ¶ I);

Awarding Plaintiff treble damages for Defendants' willful and unauthorized use of the BMBH musical Composition and/or the BMBH Sound Recording (Wherefore Clause, ¶ M);

*See* 17 U.S.C. §§ 501, 502, 503 and 504 (remedies for copyright infringement); s*ee e.g.*

*Simon & Flynn, Inc.,* 513 F. 2d 832 (2d Cir. 1975); *Nash v. Alaska Airlines,* 94 F. Supp.

2d. 428 (D.C.N.Y. 1950).

Therefore, Plaintiff's requests for relief contained at ¶¶ E, H, I, L, M, N and P of its Complaint should be stricken as to Counts I and II under the Copyright Act.

Similarly, as to Plaintiff's state law claims, Plaintiff's requests for relief contained at ¶¶ E, H, I, L, M and P of its Wherefore clause should be stricken as to Counts III through VI.

## Conclusion

Based on the above discussion and recitation of authorities, Defendants Timbaland and G-Unit respectfully request the entry of an order dismissing Counts I and II of Plaintiff's Complaint insofar as they relate to Plaintiff's sound recording pursuant to Fed.R.Civ.P. 12(b)(1) for lack of federal subject matter jurisdiction; striking ¶¶ E, H, I, L, M, N and P of Plaintiff's prayer for relief with respect to certain of Plaintiff's claims as set forth above; and transferring this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404.

Respectfully submitted,

By: s/Karen L. Stetson
Karen L. Stetson, Esq.
Admitted Pro Hac Vice
Counsel for Defendants
Timothy Mosley p/k/a Timbaland
and G-Unit Records, Inc.
LAW OFFICES OF KAREN L. STETSON
P.O. Box 403023
Miami, Florida 33140

and

Alan S. Hock, Esq.
MORITT HOCK HAMROFF &
HOROWITZ LLP
400 Garden City Plaza
Garden City, NY 11530