# RICHMAN & LEVINE, P.C.
### ATTORNEYS AT LAW

666 OLD COUNTRY ROAD, SUITE 101
GARDEN CITY, NEW YORK 11530
TEL: (516) 228-9444 • FAX: (516) 228-9514
www.richmanlevine.com

KEITH H. RICHMAN
SETH A. LEVINE*

CAROLYN M. KEELAN
JOANNE M. DARVID
TANJA DOUSO
PARALEGALS

December 21, 2007

**Via ECF and Facsimile (212) 805-6382**

Honorable Victor Marrero,
    United States District Judge
United States District Court,
    Southern District of New York
500 Pearl Street, Suite 660
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-4-08

Re:    **Saregama India Ltd. v. Jayceon Taylor p/k/a The Game, et al.**
       **Case No. 07 CIV 7601 (VM)**

Dear Judge Marrero:

    We are counsel to Plaintiff in the above-referenced matter. As such, this letter is written pursuant to the Court's December 4, 2007 Order that Plaintiff show cause why this action should not be transferred to the Southern District of Florida pursuant to 28 U.S.C. §1404(a).

    It is respectfully submitted that the law in this area is well-settled, and that the determination whether this action should be transferred lies within the sound discretion of this Court based upon the particular facts of this case.[1] Further, after a review of the relevant facts, and for the reasons expanded on herein, it is also respectfully submitted that the convenience of parties and witnesses, and the interest of justice, will **not** be served by transferring this action to the Southern District of Florida. Accordingly, this branch of the motion filed by Defendants Timothy Mosley p/k/a Timbaland and G-Unit Records, Inc. must be denied because they have failed to meet their significant burden of making a clear and convincing showing that this case should be transferred. (See, Editorial Musical Latino Americana, S.A. v. MAR International

---

[1] Plaintiff is compelled to note that this action has only recently been commenced (August 27, 2007), and that six (6) of the named Defendants have not yet appeared. Thus, certain factual allegations herein are based on internet and other research conducted, and without the benefit of any discovery having been completed. Further, in the event that this action is not transferred, then Plaintiff will seek an extension of time to serve certain Defendants that have been difficult to locate.

*MEMBER OF FLORIDA BAR

December 21, 2007
Page 2

Records, Inc., 829 F.Supp. 62, 66 (S.D.N.Y. 1993)).[2]

At the outset, it must be pointed out that there are fourteen (14) Defendants named in this action, and only two (2) Defendants have moved for a change of venue. Moreover, one of the Movants, G-Unit Records, Inc., is a New York corporation, with its principal place of business in the Southern District of New York.[3] Thus, it appears that the only Defendant with any interest in moving this case to the Southern District of Florida is Timothy Mosley p/k/a Timbaland because his "primary" residence is located in Miami, Florida. However, it must be noted that Mr. Mosley is an internationally renowned and Grammy Award winning recording artist, producer and composer.[4] Thus, upon information and belief, Mr. Mosley has an extensive travel schedule that would likely include many trips to New York City. Therefore, it would not impose any undue hardship on him to litigate this action in this District.

The relevant factors for the Court's consideration in determining whether to transfer this action are discussed below.

1. Convenience of Witnesses: One of Movants' primary arguments in favor of a change of venue is that the alleged principal witnesses involved in the creative process of the allegedly infringing song are located in Miami, Florida.

However, it is submitted that the facts and circumstance surrounding the creation of the allegedly infringing song will not be the focus of this action. Upon information and belief, the facts regarding the creation of the song will be easily determined through party admissions and/or expert analysis. Instead, the focus of this litigation will likely be on whether such acts constitute copyright infringement, as well as the damages resulting from same. Thus, the real focus of this action will likely not include testimony from the witnesses involved in the creative process behind the song. Moreover, if their testimony is required, there is absolutely no reason to believe that these witnesses would not voluntarily appear in this District if requested to do so by Mr. Mosley.

Additionally, Mr. Demarcio Castellon, the alleged recording engineer for the infringing song, maintains a residence in New York (see footnote 1 of Movants' Memorandum of Law). Further, the testimony of Marcella Aracio, the alleged assistant sound engineer, and Jimmy

---

[2] Due to the five (5) page limit placed on this letter response by the Court, most respectfully, this letter will focus on the relevant facts, and, for the most part, not cite to the cases establishing the well-settled law relevant to this response.

[3] See Rule 7.1 Disclosure Statement filed by G-Unit Records.

[4] Mr. Mosley is one of the world's most famous and popular music producers/artists, who has been credited with working with music artists such as Jay-Z, Snoop Dogg, Justin Timberlake, Elton John and Madonna.

December 21, 2007
Page 3

Douglas, another individual who allegedly assisted in the mixing of the infringing song, are duplicative and unnecessary. Moreover, Mr. Mosley's Declaration merely states that it is his understanding that these individuals either maintain a residence or reside in Miami, Florida. There is no declaration from either of these alleged witnesses.

Additionally, Mr. Mosley's scant declaration regarding the aforesaid witnesses fails to include the required general statement of what their testimony will cover. (See, Dahl v. HEM Pharmaceuticals Corp., 867 F.Supp. 194, 198 (S.D.N.Y. 1994). Thus, Plaintiff and this Court are unable to determine their materiality, if any. Therefore, any weight given to this factor in favor of transferring the case is greatly diminished (if not discounted altogether).

2. Convenience of Parties: Plaintiff Saregama India Ltd. is a corporation organized and existing under the laws of India, which does not maintain any offices in the United States. However, Saregama Plc., a subsidiary of Saregama India Ltd. that handles all of Saregama India Ltd.'s North American business, maintains its only United States' office in Edison, New Jersey (which is less than thirty miles and one (1) hour travel time from this Court).[5] Moreover, a representative of Saregama Plc., Mr. Ramji Sathyamurthy, Head of Operations - North America, will be able to appear in Court for all required appearances, and have the authority to act on behalf of Saregama India Ltd. Thus, it is significantly more convenient for Plaintiff to have Mr. Sathyamurthy (one of only three employees in the Saregama Plc. office) travel to this District from his Edison, New Jersey office than to travel to Florida.

Further, as previously stated, the only Defendant that has any connection whatsoever to Florida is Mr. Mosley, since it is the location of his "primary" residence. However, as an internationally renowned recording artist, producer and composer, he has an extensive travel schedule. Furthermore, upon information and belief, Mr. Mosley is a co-owner of a nightclub known as Suede, which is located in this District at 415 Lafayette Street, New York, New York. However, Mr. Mosley does not advise the Court of any of his business connections to this District (which likely include other ventures).

The remaining Defendants that have appeared in this action are apparently either California or Delaware corporations. However, upon information and belief, Defendants WB Music Corp. and UMG Recordings, Inc. (two major record labels), as well as UMG Recordings, Inc.'s divisions/affiliates of Defendants Aftermath Records, Interscope Records and Universal Music Distribution Corp., maintain large offices (and/or registered agents) in New York City. Moreover, Czar Entertainment, Inc., which has not yet appeared in this action, is also a New York corporation with its principal place of business in New York City.[6]

---

[5] Saregama Plc. previously maintained an office in Houston, Texas, however, that office is closed.

[6] See New York State Department of State, Division of Corporations website.

December 21, 2007
Page 4

Thus, many of the Defendants (including one of the Movants) are either New York corporations and/or maintain offices (and/or registered agents) in New York City. On the contrary, only Mr. Mosley alleges to have any connection to the Southern District of Florida. Based on the foregoing, the convenience of the parties factor certainly weighs heavily in favor of maintaining the action is this District.

3. <u>Location of Relevant Evidence</u>: As previously stated, the relevant evidence will likely consist of documents regarding sales of the infringing song, and the revenue generated from same. Upon information and belief, these documents are in the control of the record companies in this action; which maintain offices in New York City. Further, evidence regarding public performance royalties generated by the infringing song are, upon information and belief, maintained by ASCAP or BMI, located in New York City. Moreover, relevant documentation from Plaintiff will be located in either India or Edison, New Jersey.

Thus, this factor also weighs in favor of maintaining this action in New York.

4. <u>Locus of Operative Facts</u>: As previously referenced, another primary focus of Movants' position in favor of a transfer is that the allegedly infringing song was created in Miami, Florida. However, as previously stated, it is submitted that the facts and circumstances surrounding the creation of the allegedly infringing song will not be the focus of this action. Instead, the focus of this litigation will likely be whether such acts constitute copyright infringement and the damages resulting from same -- issues that have no connection to Miami, Florida. Thus, the location of the creation of the allegedly infringing song is entirely insufficient to tip the balance in favor of transferring this action to Florida.

Additionally, upon information and belief, significant sales of the infringing song were sold in this District, and public performance and other royalties from the infringing song were paid from this District. Accordingly, this weighs in favor of maintaining the action here.

5. <u>Availability of Process to Compel Attendance of Unwilling Witnesses</u>: Movants have not made any showing that there are any unwilling witnesses that they require.

6. <u>Relative Means of the Parties</u>: This factor is likely not a consideration since Plaintiff and Movants appear have the necessary resources to litigate this action. In fact, Movants have already retained local counsel in this action.

7. <u>Forum's Familiarity With Governing Law</u>: There are certain causes of action filed by Plaintiff alleging copyright infringement, misappropriation and unfair competition under New

December 21, 2007
Page 5

York State law.[7] This Court will most likely be more familiar with such laws, and therefore, this factor weighs in favor of maintaining the action in this District.

    8. <u>Plaintiff's Choice of Forum</u>: In general, Plaintiff's choice of forum is accorded great weight and must be deferred to unless the balance of the factors strongly favors a transfer. While Plaintiff realizes that the weight given to its choice of forum is diminished since it is a foreign corporation, this factor nevertheless weighs in favor of maintaining the action in this District.

    9. <u>Judicial Economy and Interests of Justice</u>: Movants have not presented any evidence whatsoever that a transfer of this action would promote judicial economy or the interests of justice. Thus, this factor must also weigh in Plaintiff's favor.

    Most respectfully, after analyzing all of the relevant factors, Movants have simply not met their heavy burden of making a clear and convincing showing that this action should be transferred to the Southern District of Florida (where only one of fourteen Defendants is located). On the contrary, based on the well-settled law and the facts of this case, it is most respectfully submitted that this action belongs in this District, and that Movants' motion to transfer venue must be denied.

    Thank you for your consideration of this matter.

Respectfully submitted,

*[signature]*

SETH A. LEVINE (SL 4556)

SAL/sl

cc:    Karen L. Stetson, Esq. (via facsimile at 305-604-0598)
        Michael Cardello, III, Esq. (via facsimile at 516-873-2010)
        Carletta F. Higginson, Esq. (via facsimile at 212-909-0817)
        Frank C. Salzano, Esq. (via facsimile at 212-424-8500)

> Request GRANTED. A status conference herein is scheduled for 1-18-08 at 9:15 a.m. to address the matter described above by plaintiff.
> SO ORDERED.
> 1-4-08
> DATE    VICTOR MARRERO, U.S.D.J.

---

[7] It should also be noted that Movants have sought dismissal of certain of Plaintiff's federal copyright infringement claims.